UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK SHAW, ET AL.                                CIVIL ACTION

VERSUS                                            NUMBER: 22-3953

ALPHA AIR & HEATING, L.L.C., ET AL.              SECTION: "D"(5)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Attorney's Fees and Costs. (Rec. doc. 45). Defendants filed no opposition to the motion. Having reviewed the motion and the case law, the Court rules as follows.

I.   Background

Plaintiffs Mark Shaw and Daniel Oquendo ("Plaintiffs") filed this Fair Labor Standards Act ("FLSA") lawsuit against their former employers, Alpha Air Heating & Air Conditioning, L.L.C. ("Alpha Air") and Derek Granger ("Granger") (collectively, "Defendants") to recover allegedly unpaid wages, including unpaid overtime wages. (Rec. doc. 1). In their Verified Complaint filed on October 17, 2022, Plaintiffs asserted an FLSA claim for failure to pay overtime wages, an FLSA claim for failure to pay minimum wage, and a Louisiana Wage Payment Act ("LWPA") claim for failure to pay wages and commissions within 15 days after an employee's separation from his employer. (*Id.*).

Alpha Air – a residential heating, air conditioning, and ventilation installer and service provider in southeast Louisiana – hired Plaintiffs Shaw and Oquendo in January 2022 as a full time "Service Professional" and "Installer," respectively. (*Id.* at ¶¶ 14, 23-24). Plaintiffs alleged that Granger, Alpha Air's owner and sole member, controlled all aspects of

their employment including which jobs they performed, how they performed their jobs, and where they performed their jobs. (*Id.* at ¶ 27).

Plaintiffs were paid an hourly wage and never received any overtime payment. (*Id.* at ¶¶ 36, 46, 55, 64). Specifically, Shaw alleged that he was paid $20.00 per hour on a weekly basis and despite working an average of 55 hours per week, was never paid any overtime. (*Id.* at ¶¶ 39-40). According to Shaw, Defendants not only failed to pay him overtime wages but they also failed to pay him certain regular wages he was owed as well as earned commissions. (*Id.* at ¶¶ 43, 45-46). Shaw alleged that Defendants owed him $3,500.00 in unpaid regular wages, $2,500.00 in unpaid commissions, and $4,950.00 in unpaid overtime wages. (*Id.* at ¶¶ 49-50). Shaw resigned from Alpha Air on September 11, 2022. (*Id.* at ¶ 42). As for Oquendo, he was paid $25.00 per hour on a weekly basis by Defendants, and he too worked an average of 55 hours per week. (*Id.* at ¶¶58-59). Like Shaw, Oquendo alleged that Defendants failed to pay him certain regular wages and failed to pay overtime wages. (*Id.* at ¶¶ 62, 64-65). Oquendo estimated that Defendants failed to pay him $2,000.00 in regular wages and $3,750.00 in overtime wages. (*Id.* at ¶¶ 66-67). Oquendo resigned from Alpha Air in June 2022. (*Id.* at ¶ 61).

After discovery and motion practice – including Plaintiffs' Motion for Partial Summary Judgment, granted in their favor (rec. doc. 30) – the District Court held a one-day bench trial on January 22, 2024. (Rec. doc. 41). Two days later, the District Court entered its findings of fact and conclusions of law from the bench. (Rec. doc. 43). Ultimately, the District Court awarded $30,212.00 to Shaw, $28,660.00 to Oquendo, plus interest, and awarded each Plaintiff his reasonable attorney's fees, plus reimbursement of his reasonable

litigation costs. (Rec. doc. 44). This fee application followed, in which Plaintiffs seek a total of $36,225.00 in attorneys' fees and $1,436.22 in costs.

## II. The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have often repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Par. School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hensley*, 461 U.S. at 436-37; *Hopwood v. State of Tex.*, 236 F.3d 256, 277 n.79 (5th Cir. 2000).

To determine a reasonable fee, the Court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Adm'rs of*

*the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve *Johnson* factors.[1] *Fessler v. Porcelana Corona De Mexico, S.A. De C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (citing *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016)). "'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436). The fee applicant bears the burden of proof on the lodestar issue, but once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden. *See Fessler*, 23 F.4th at 416; *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

### A. Reasonable Hourly Rates

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when [he] requests that the lodestar be computed at [his] 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*,

---

[1] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power*, 50 F.3d at 328); *see also La. Power & Light*, 50 F.3d at 328 ("Generally, when an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable."); *Durene v. Brinker La. Inc.*, No. CV 21-01568, 2022 WL 2828831, at *2 (E.D. La. July 20, 2022) ("In this case the rates of the billing attorneys are not contested, and they are therefore reasonable."); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701 (E.D. La. 2009) ("When an attorney's requested rate is his customary billing rate and within the range of prevailing market rates, the court should consider the rate prima facie reasonable if not contested.").

However, the Court may reduce the hourly rate if it determines that the requested rate is not within the range of prevailing market rates. *Richard v. St. Tammany Par. Sheriff's Dep't*, No. CV 17-9703, 2022 WL 4534728, at *11 (E.D. La. Sept. 28, 2022), *appeal dismissed sub nom. Richard v. Smith*, No. 22-30497, 2023 WL 2845201 (5th Cir. Jan. 27, 2023). Plaintiffs offer the Declaration of Kevin S. Vogeltanz (rec. doc. 45-5) but do not provide any other evidence of prevailing market rates in this community. In *Bardales v. Fontana & Fontana, L.L.C.*, the district court held:

> While Plaintiffs provided information regarding the qualifications, skill, and experience of Mr. Bragg, they failed to provide any information regarding the prevailing market rate for lawyers of similar skill, experience, and reputation to Mr. Bragg in the Eastern District of Louisiana. Specifically, Plaintiffs did not offer affidavits from other attorneys practicing in the Eastern District of Louisiana and, instead, rely upon Mr. Bragg's own assertions in his Declaration that his rates are reasonable. Thus, Plaintiffs did not meet their burden to show that Mr. Bragg's requested rate is in line with those prevailing *in this community for similar services* by lawyers of reasonably comparable skill and experience.

No. CV 19-340, 2021 WL 2328382, at *3 (E.D. La. June 8, 2021) (Vitter, J.) (emphasis in original).  A similar finding would be appropriate here but for the following case law.

Although Plaintiffs do not offer affidavits from other attorneys in the Eastern District of Louisiana, the Fifth Circuit has clarified that the district court "is itself an expert on the question [of reasonable billing rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940).  Having reviewed the most recent case law from this District, the Court finds that <u>some</u> of the requested hourly rates do not reflect the prevailing rates in this community.

Plaintiffs seek fees for two attorneys: Kevin Vogeltanz and Alec Szczechowski, both attorneys at the Law Office of Kevin S. Vogeltanz, L.L.C.  (Rec. doc. 45-5 at 3).  Vogeltanz – the founding member of the law office of his own name – is an attorney with 13 to 14 years of experience at the time of this lawsuit, and Szczechowski is an attorney with less than five years of experience.  (*Id.*; Rec. doc. 45-1 at 2).  Plaintiffs seek $500.00 per hour for Vogeltanz and $200.00 per hour for Szczechowski.  Vogeltanz practices mainly in the area of labor and employment law and is board certified as an employment law specialist by the Louisiana Board of Legal Specialization.  (Rec. doc. 45-5 at 63).

Having reviewed the case law, the Court finds that the prevailing market rates in this community for attorneys with experience similar to that of Vogeltanz cover a wide spectrum.  S*ee Danos v. Panel Specialists, Inc.*, Civ. A. No. 22-14, 2023 WL 6167152, at *2 (E.D. La. July 24, 2023) (approving, *inter alia*, an hourly rate of $350.00 in an FLSA lawsuit for an attorney with 16 years of experience); *Bardales v. Fontana & Fontand, L.L.C.*, Civ. A. No. 19-340, 2021 WL 2328382, at **3-6 (E.D. La. June 8, 2021) (reducing hourly rate of

6

$450.00 per hour to $400.00 per hour for attorney with 40 years of experience); *Ill. Cent. R.R. Co. v. Bhd. of Locomotive Engineers & Trainmen*, No. CV 20-1717, 2021 WL 65648, at *2 (E.D. La. Jan. 7, 2021) (awarding attorneys' fees at the requested billing rate of $275.00 per hour for attorneys with 21 years and 3 years of experience and $200.00 per hour for an attorney with 30 years of experience); *Badon v. Berry's Reliable Res., L.L.C.*, No. CV 19-12317, 2020 WL 9440406, at *3 (E.D. La. Nov. 30, 2020) (reducing the billing rate for an attorney with 14 years of experience from the requested $350.00 per hour to $300.00 per hour); *Norris v. Causey*, No. CV 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (finding rates of $250.00, $200.00, and $150.00 were reasonable for attorneys with 31, 12, and 8 years of experience, respectively); *Jefferson v. Baywater Drilling, L.L.C.*, No. CV 14-1711, 2015 WL 7281612, at *1 (E.D. La. Nov. 17, 2015) (affirming magistrate judge's report and recommendation finding that rates of $500.00 and $450.00 per hour were reasonable for two attorneys with 40 years of experience in maritime litigation and that $240.00 per hour was reasonable for an attorney with seven years' experience in maritime litigation); *Adams v. City of New Orleans*, No. Civ. A. 13-6779, 2015 WL 4606223, at *3 (E.D. La. July 30, 2015) (finding rate of $350.00 per hour reasonable for an attorney with 29 years of experience); *EnVen Energy Ventures, L.L.C. v. Black Elk Energy Offshore Operations, L.L.C.*, No. 14-424, 2015 WL 3505099, at *1-3 (E.D. La. June 3, 2015) (approving hourly rate of $325.00 for an attorney with twenty years of experience, $300.00 for an attorney with ten years of experience, and $275.00 for an attorney with seven years of experience). Based on this case law, the Court finds an hourly rate of $325.00 reasonable for an attorney with 13 to 14 years of experience at the time of this litigation.

Vogeltanz raises two arguments to justify his request for $500.00 per hour. He argues:

> Decisional law suggests a base rate of $350 for Vogeltanz because of his 13 to 14 years of experience during the case and his status as owner and founder of his firm. Plaintiffs suggest, however, that Vogeltanz should also be awarded a premium on top of his base rate. First, Vogeltanz is one of only apparently three plaintiff's attorneys in Louisiana board certified in employment law by the Louisiana Board of Legal Specialization. Plaintiffs suggest such a rare accreditation is worth an additional $100 per hour in our market. Second, plaintiffs take the position that FLSA plaintiffs (and employment-law plaintiffs in general) are underserved in the Louisiana legal community, and because the FLSA has long been described as a remedial statute, plaintiffs suggest Vogeltanz (and any plaintiff's attorney who undertakes an FLSA case) should be awarded a modest premium of $50 per hour to incentivize lawyers to take on that work.

(Rec. doc. 45-1 at 2-3). Plaintiff cites no case law – and this Court has found none – that would support an additional $150.00 per hour based on Plaintiffs' two arguments.

However, and perhaps without realizing it, Plaintiffs appear to raise an argument that the Court should enhance the amount awarded based on the relative weight of certain factors set forth in *Johnson*. The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19. "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved

8

and the result obtained, and the experience, reputation and ability of counsel." *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting. *Id.*

Reframing Plaintiffs' arguments, the issue then becomes whether this Court should enhance the lodestar amount based on the experience, reputation, and ability of counsel and the undesirability of the case (*i.e.*, the underservice by the Louisiana legal community of FLSA plaintiffs). After due consideration, the Court finds that these factors warrant no enhancement. Cutting against Plaintiffs' argument that FLSA plaintiffs are underserviced in this District and attorneys who prosecute such cases merit an enhancement is the simple fact that reasonable attorney's fees and costs are *mandatory* under the FLSA (and the Louisiana Wage Payment Act) when a plaintiff prevails. This fee-shifting statute in and of itself already encourages attorneys to represent FLSA plaintiffs in any district. This Court is cognizant of numerous FLSA lawsuits in this Court and of other lawyers and law firms who often represent FLSA plaintiffs in this District. Indeed, that the FLSA contains a mandatory fee provision incentivizes lawyers to represent FLSA plaintiffs. *See Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) ("The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances."); *Hauschild v. United States*, 53 Fed. Cl. 134, 146 (Fed. Cl. 2002) ("the purpose of the FLSA attorneys' fee provision is to provide an adequate economic incentive for private attorneys to take employment discrimination cases and thereby to ensure competent legal representation of legitimate claims") (internal

citation omitted); *Tovar v. Sw. Bell Tel., L.P.*, No. 3:20-CV-1455-B, 2022 WL 2306926, at *6 (N.D. Tex. June 27, 2022) ("Due to the nature of the FLSA attorneys' fee provision, which provides an incentive for attorneys to take up meritorious claims that would ordinarily result in relatively small awards. . . ."). Granting an hourly enhancement for representing underserviced plaintiffs in an area of law that already rewards counsel for representing underserviced plaintiffs seems far too much to the Court like double-dipping.

Moreover, this Court does not dispute that specialization in any type of law is admirable, but the number of FLSA lawsuits in this District in which the plaintiff prevails belies any argument that specialization is <u>necessary</u> to adequately represent one's client. *See Danos*, 2023 WL 6167152, at *1 (noting that plaintiffs prevailed in their FLSA lawsuit through settlement); *Badon v. Berry's Reliable Res., L.L.C.*, Civ. A. No. 19-12317, 2023 WL 395181, at *1 (E.D. La. Jan. 25, 2023) (noting that plaintiffs prevailed in their lawsuit after a jury trial).[2] This Court is unwilling to set the precedent that any specialist (in any area of law) is automatically entitled to an increase in his or her hourly rate. An enhancement of $150.00 per hour is thus not warranted.

This Court takes no issue with the hourly rate requested by Szczechowski, an attorney with less than five years of experience at the time of this litigation. "Judges in this district award attorney's fees in the amount of $200 for work performed by an associate with less than five years of experience." *Girod Loan Co., L.L.C. v. Heisler*, No. 19-13150, 2020 WL 3605947, at *8 (E.D. La. July 2, 2020) (citing *Batiste v. Lewis*, No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (awarding $200.00 per hour to attorney with five

---

[2] Given that Plaintiffs' counsel has informed the Court – and this Court has verified – that he is only one of three attorneys board certified in employment law by the Louisiana Board of Legal Specialization (rec. doc. 45-1 at 8-9), this Court takes judicial notice that the plaintiffs' attorneys in *Danos* and *Badon* are not board certified.

years of experience)). Accordingly, the Court finds $200.00 per hour to be a reasonable billing rate for Szczechowski's contribution to this litigation.

### B.    Reasonable Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make a fee request that demonstrates "billing judgment." *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *Id.* at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, *but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'*" (emphasis added)). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green*, 284 F.3d at 662; *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Attached to Plaintiffs' motion is the Declaration of Kevin S. Vogeltanz (rec. doc. 45-5) and the relevant billing records. (Rec. doc. 45-3). In total, Plaintiffs' counsel expended a combined 81.75 total hours litigating this case. (*Id.*). Vogeltanz billed 66.25 hours, and Szczechowski billed 15.5 hours. In calculating the hours, counsel exercised billing judgment by taking affirmative steps to excise all time entries for telephone calls and email

correspondence.[3] In the course of this litigation, Plaintiffs' counsel drafted the complaint, drafted a motion to compel (which this Court granted), drafted their witness and exhibit lists, and drafted a motion for partial summary judgment (which the District Court granted). Plaintiffs' counsel also drafted two motions for sanctions, one when Defendants failed to appear for their depositions, and one when Defendants still failed to sit for their depositions after this Court ordered them to do so. Plaintiffs drafted the pre-trial order, which the District Court adopted, and participated in the one-day trial, after which they prevailed. Having reviewed the docket sheet and the billing records – which reflect the efforts exerted by Plaintiffs' counsel – the Court finds that Plaintiffs' counsel have exercised billing judgment.

However, there are two entries that this Court will excise given that it cannot determine what legal tasks were performed in conjunction with the entries. On July 24, 2023, counsel entered 7.75 hours but listed only the word "counsel" as the task performed. In addition, on December 12, 2023, counsel expended 0.5 hours but listed only the word "record" as the task performed. The Court cannot award these 8.25 hours given that there is no description of the legal services performed. After subtracting these two entries, the Court finds that Vogeltanz expended 58 hours, and Szczechowski expended 15.5 hours.

**III. Costs**

Plaintiffs seek costs in the amount of $1,436.22, which is comprised of $402.00 for the filing fee, $190.00 to serve Defendants, and $844.22 for court-reporter fees for the two occasions at which Defendants failed to appear for their depositions. Filing fees and fees for service of process (that are cheaper than those charged by the U.S. Marshal) are

---

[3] Plaintiffs' counsel also did not include the hours expended on drafting the fee application.

generally recoverable. *Gros v. New Orleans City*, No. Civ. A. 12-2322, 2014 WL 2506464, at *16 (E.D. La. June 3, 2014), *on reconsideration in part*, No. Civ. A. 12-2322, 2014 WL 3894371 (E.D. La. Aug. 8, 2014); *Marsala v. Mayo*, No. 06–3846, 2014 WL 1276187, at *4 (E.D. La. Mar. 27, 2014). The Court will award these costs.

Generally, the costs related to the cancellation of a deposition are not taxable under Section 1920. *Sois v. Crescent Drilling & Prod., Inc.*, No. SA-19-CV-01194-FB, 2023 WL 8707421, at *6 (W.D. Tex. Oct. 19, 2023), *report and recommendation adopted sub nom. Solis v. Crescent Drilling & Prod., Inc.*, No. CV SA-19-CA-1194-FB, 2023 WL 8704782 (W.D. Tex. Dec. 15, 2023); s*ee also E.A.F.F. v. United States*, No. SA-08-CA-124-XR, 2014 WL 2155263, at *2 (W.D. Tex. May 22, 2014) (holding a fee for a certificate of non-appearance is not allowed because a certificate of non-appearance is not a deposition transcript and is not authorized by Section 1920); *Shaw v. Hardberger*, No. SA-06-CV-751-XR, 2010 WL 1424726, at *2 (W.D. Tex. Apr. 7, 2010) ("Section 1920 does not authorize costs for certificates of nonappearance.").

However, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case are taxable under Section 1920(2). Here, Plaintiffs used the transcripts of Defendants' non-appearance as exhibits to their motions for sanctions for Defendants' failure to appear at their properly-noticed depositions. (Rec. docs. 29-2, 35-2). The Court finds that these fees were thus necessarily obtained for use in this case. Accordingly, the Court will tax these costs to Defendants and award Plaintiffs a total of $1,436.22 in costs.

**IV. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Attorneys' Fees and Costs (rec. doc. 45) is **GRANTED IN PART**, and Plaintiffs be awarded $21,950.00 in fees and $1,436.22 in costs for a total of $23,386.22.

New Orleans, Louisiana, this 10th day of April, 2024.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE